IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES | * | |
| | * | |
| V. | * | Case No. 11-M-989-SKG |
| | * | |
| MARCUS COLDEN | * | |
| | * | |

## MEMORANDUM OPINION AND ORDER

Defendant Marcus Colden is charged with driving a vehicle while under the influence of alcohol (18 U.S.C. § 13; MTA § 21-902(a)(1)); driving a vehicle while under the influence of alcohol per se (18 U.S.C. § 13; MTA § 21-902(a)(2)); driving a vehicle while impaired by alcohol (18 U.S.C. § 13; MTA § 21-902(b)(1)); and carrying a concealed dangerous weapon on or about his person, specifically, a knife containing an 18 inch blade (18 U.S.C. § 13; MTA § 4-101(c)(1)).

Pending before the Court is defendant's motion to suppress all evidence and observations made in this case following the stop of defendant's vehicle, which defendant argues was illegal under the Fourth Amendment. Neither party requested an evidentiary hearing. While the evidence could be fuller, there is no apparent dispute as to any material facts. As explained below, an evidentiary hearing on this matter does not appear necessary. For reasons set forth below, the Court deems the stop legal, and shall DENY defendant's motion.

### 1. FACTUAL BACKGROUND

On December 30, 2010, Military Police Officer Joseph A. Bunting was conducting stationary LPR near Reece Road, located on Fort Meade, Maryland. The posted speed limit at that location is 25 miles per hour. Officer Bunting has been a Military Police Officer for 4 years.

According to Officer Bunting's police report, at approximately 10:44 p.m., defendant drove by Officer Bunting's car at a high rate of speed. Officer Bunting reported that he felt his car rock back and forth when defendant's vehicle passed his. He then noticed defendant tap his brakes several times. In a sworn statement, Officer Bunting stated: "I know from [sitting] there that a car doing the speed limit or 10 over the speed limit

would not shake my car." In other words, a passing car going 35 mph or less would not have shaken Officer Bunting's car. Officer Bunting was not using a radar gun.

Officer Bunting initiated a traffic stop. He detected the scent of alcohol on defendant's breath, and administered a field sobriety test, which defendant failed. After arresting defendant, Officer Bunting searched defendant's vehicle and found a bottle of Bacardi Rum and a knife with an 18 inch blade.

## 2. DISCUSSION

In his motion to suppress, defendant argues that the initial traffic stop was not justified by a reasonable articulable suspicion, as is required under the Fourth Amendment. See, e.g., U.S. v. Arvizu, 534 U.S. 266, 273 (2002). More specifically, he argues that Officer Bunting's sensation of a "rocking motion" amounts to nothing more than an unparticularized hunch that defendant was speeding. Further, defendant argues that Officer Bunting's sworn statement is devoid of information to objectively determine, or even subjectively determine, that defendant was traveling at a speed greater than reasonable. The Court disagrees.

Officer Bunting's visual estimation of defendant's speed, in combination with the officer's observations that his car shook and that defendant tapped his brakes, amounts to a reasonable articulable suspicion that defendant was speeding. In Smith v. State, 957 A.2d 1139 (Md. 2006), the Maryland Court of Appeals upheld an initial stop where an officer, who was not using a radar gun, observed and followed a speeding vehicle, and had to accelerate to 14 mph over the speed limit in order to catch the vehicle. Id. at 1147. In upholding the stop, the Court of Appeals accorded deference to the lower court's consideration of the officer's visual estimation and the fact that the officer had to speed to catch up with the defendant. Id. The Court of Appeals applied a totality of the circumstances test to uphold the lower court's decision. Id. at 1150-51.

Like the Smith court, this Court must view the facts under a "totality of circumstances test." See U.S. v. Cortez, 449 U.S. 411, 417 (1981) (in determining whether a stop is justified by reasonable suspicion of criminal activity, "the totality of the circumstances—the whole picture—must be taken into account"). Here, while there is no evidence that Officer Bunting sped to catch up with the defendant (as there was in Smith) there is evidence that the officer's car shook and that defendant tapped

2

his brakes after passing the officer's car. Viewed as a whole, those facts plus the officer's visual estimation of speed justify a reasonable suspicion. Several states have found that a sufficiently trained officer's visual estimation of speed, alone, can amount to reasonable suspicion. See, e.g., City of Barberton v. Jenney, 126 Ohio St. 3d 5, 11 (Ohio 2010) (concluding that an officer's unaided visual estimation of speed is sufficient to support a speeding conviction if the officer is sufficiently trained, certified, and experienced in visually estimating speeds); Sazenski v. Comm'r of Pub. Safety, 368 N.W.2d 408, 409 (Minn. Ct. App. 1985) (deeming a stop proper where an officer who was formally trained in estimation of traffic speed visually estimated that defendant was travelling 20-30 mph over the speed limit).

Moreover, defendant is not correct that the officer's sworn statement is devoid of any information to objectively or subjectively suggest that defendant was traveling at a speed greater than reasonable. In the sworn statement, the officer referred to his visual estimation of speed, the rocking motion that he felt (which he did not think would occur if a car was going 35 mph or less) and the fact that defendant tapped his brakes. The officer's written reports are factually consistent with that sworn statement.

The Court notes that certain additional evidence would have been useful to the Court's determination. First, while the record indicates that Officer Bunting has four years of experience as a Military Police Officer, it does not reference Officer Bunting's training and experience with traffic violations, including speed estimation. Accordingly, the Court's decision is predicated on an assumption that the officer received training on speed estimation and some not insignificant experience as a traffic duty. If the officer did not receive the standard training, including speed estimation, and/or does not have some experience in traffic duty, the Court will reconsider this issue at the trial. Second, the record does not explicitly reflect whether Officer Bunting's car was unmarked or not. The Court infers that the car was marked, as evidence that defendant tapped his brakes would be of little relevance were it not. Again, if this inference is incorrect, the Court will reconsider the issue at trial.

### 3. CONCLUSION

For the reasons discussed above, defendant's motion to suppress is DENIED.

Date: 10/20/11                      /s/
                                                 Susan K. Gauvey
                                                 United States Magistrate Judge